**MIDDLEBROOKS SHAPIRO, P.C.**
*Proposed Attorneys for the Debtor*
*Eclipse Farmingdale, LLC*
Melinda D. Middlebrooks, Esq.
middlebrooks@middlebrooksshapiro.com
Joseph M. Shapiro, Esq.
jshapiro@middlebrooksshapiro.com
P.O. Box 1630
Belmar, New Jersey 07719-1630
(973) 218-6877
(973) 218-6878 (fax)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

**ECLIPSE FARMINGDALE, LLC**                    Case No.: 24-73019-ast

        Chapter 11 Debtor                    Chapter 11
        and Debtor-in-Possession.
-----------------------------------------------------------x

**APPLICATION OF ECLIPSE FARMINGDALE, LLC
SEEKING AUTHORIZATION TO RETAIN MIDDLEBROOKS SHAPIRO, P.C.
<u>AS ATTORNEYS FOR THE DEBTOR AND DEBTOR-IN-POSSESSION</u>**

**TO:    THE HONORABLE ALAN S. TRUST,
       CHIEF UNITED STATES BANKRUPTCY JUDGE**

Eclipse Farmingdale LLC, the above-captioned Chapter 11 debtor and debtor-in-possession (the "**Debtor**") hereby submits this application (the "**Application**") for entry of an Order pursuant to Section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Bankruptcy Rule 2014-1 of the Bankruptcy Court for the Eastern District of New York (the "**Local Rules**") authorizing the Debtor's employment of Middlebrooks Shapiro, P.C ("**MSPC**") as its general bankruptcy counsel, effective as of the Petition Date, as defined below, and hereby states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, as well as pursuant to the *Amended Standing Order of Reference* of the United States District Court for the Eastern District of New York, dated December 5, 2012, effective as of June 23, 2011 (Amon, C.J.).

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. On the date hereof, (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "**Petition**").

5. Debtor continues to operate its businesses as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or creditors' committee have been appointed in this case.

6. No examiner, trustee, or creditor's committee has been appointed in this case.

7. A detailed account of the Debtor's business and the events leading up to the Petition Date can be found in the *Declaration of Allen Pinero and Eric Purther Under Local Rule 1007-4* (the "**First Day Declaration**") filed in connection with the Petition and First day Motions.

8. This Application is also supported by the Declaration of Joseph M. Shapiro, Esq. (the "**Attorney Declaration**") filed in connection with this Application, which is annexed hereto as **Exhibit A**.

9. The facts set forth in the First Day Declaration and in the Attorney Declaration are incorporated herein.

## BASIS FOR RELIEF REQUESTED

10. The Debtor seeks authority to retain MSPC as attorneys to the Debtor and Debtor-in-Possession pursuant Section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Ruel 2014-1.

11. Section 327(a) of the Bankruptcy Code provides:

> (a) Except as otherwise provided in this section, the debtor, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent and interest adverse to the estates, and that are disinterested persons, to represent or assist the debtor in carrying out the debtor's duties under this title.

12. Bankruptcy Rule 2014 provides, in relevant part:

> (a) Application for and Order of Employment. An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the debtor or committee. The application shall be filed and, unless the case is a chapter 9 municipality case, a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of applicant's knowledge, all of the [firm's] connections with the debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the [firm] to be employed setting forth the [firm's] connections with the debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

13. Local Rule 2014-1 provides, in relevant part:

(a) Requirements.

In addition to the requirements set forth in Bankruptcy Rule 2014(a), an application for the employment of a professional person pursuant to Bankruptcy Code §§ 327, 1103 or 1114 shall state:

(i) the terms and conditions of the employment, including the terms of compensation such as whether payment will be based on an hourly or monthly fee, or contingent fee or fixed fee;

(ii) all compensation paid or promised to the professional person in contemplation of or in connection with the services to be performed, and the specific source of such compensation;

(iii) all compensation paid within the 90 days prior to the bankruptcy filing and the specific source of such compensation;

(iv) whether the professional person has previously rendered any professional services to the trustee, debtor, debtor in possession, the extent thereof and the status of the compensation therefor.

(b) Verified Statement.

In addition to the requirements set forth in Bankruptcy Rule 2014(a), the application referred to in subdivision (a) shall be accompanied by a verified statement of the person to be employed stating that such person does not hold or represent an interest adverse to the estate except as specifically disclosed therein, and where employment is sought pursuant to Bankruptcy Code § 327(a), that the professional is disinterested.

(c) Additional Requirements for Chapter 11 Cases.

In a chapter 11 case, in addition to the requirements set forth in Bankruptcy Rule 2014(a), the verified statement required to accompany an application for approval of the employment of an attorney under Bankruptcy Code §§ 327(a) or 1103 shall include a statement setting forth the attorney's qualifications and experience in handling chapter 11 cases to enable the evaluation of the attorney's competence.

…

(e) Proposed Orders.
All proposed orders and supporting documentation for employment of any professional shall be submitted to the United States trustee for review simultaneously with the filing.

## RELIEF REQUESTED

14. By this Application, the Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit B**, authorizing the Debtor to employ and retain MSPC as its general bankruptcy counsel effective as of the Petition Date.

15. The Debtor respectfully submits that they require counsel pursuant to Section 327(a) of the Bankruptcy Code to, *inter alia*:

   a. advise the Debtor with respect to its rights, powers and duties as a debtor and debtor-in-possession in the continued management and operation of its business and assets;

   b. attend meetings and negotiating with representatives of creditors and other parties in interest and advising and consulting on the conduct of the cases, including all of the legal and administrative requirements of operating under Chapter 11;

   c. take all necessary action to protect and preserve the Debtor's estate, including prosecution of actions on behalf of the Debtor, the defense of any actions commenced against the estate, negotiations concerning litigation in which the Debtor may be involved and objections to claims filed against the estate;

   d. prepare on behalf of the Debtor such motions, applications, answers, orders, reports, and papers necessary to the administration of the estate;

   e. assist the Debtor in its analysis and negotiations with any third party concerning matters related to the realization by creditors of a recovery on claims and other means of realizing value;

   f. represent the Debtor at all hearings and other proceedings;

   g. assist the Debtor in its analysis of matters relating to the legal rights and obligations of the Debtor with respect to various agreements and applicable laws;

   h. review and analyze all applications, orders, statements, and schedules filed with the Court and advise the Debtor as to their propriety;

   i. assist the Debtor in preparing pleadings and applications as may be necessary in furtherance of the Debtor's interests and objectives;

   j. assist and advise the Debtor with regard to its communications to the general creditor body regarding any proposed Chapter 11 plan or other significant matters in this Chapter 11 Case;

    k. assist the Debtor with respect to consideration by the Court of any disclosure statement or plan prepared or filed pursuant to §§1125 or 1121 of the Bankruptcy Code and taking any necessary action on behalf of the Debtor to obtain confirmation of such plan;

    l. perform such other legal services as may be required and/or deemed to be in the interests of the Debtor in accordance with their powers and duties as set forth in the Bankruptcy Code.

16. The Debtor has selected MSPC for the reason that it has extensive experience in representing debtors in matters of this nature, and the Debtor believes that MSPC is well qualified to act as its bankruptcy counsel and represents its legal interests as a debtor and debtor-in-possession.

17. It is necessary for the Debtor to employ MSPC for such professional services pursuant to Section 327(a) of the Bankruptcy Code.

18. Subject to Court approval in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the *Guidelines for Fees and Disbursements for Professionals in Eastern District of New York Bankruptcy Cases* pursuant to General Order 613 (Jun.4, 2013) and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996, compensation will be payable to MSPC on an hourly basis, plus reimbursement of actual and necessary expenses incurred by MSPC.

19. The hourly rates billed by the law firm of MSPC for matters relating to Chapter 11 cases are as follows:

| | |
|---|---|
| Melinda D. Middlebrooks, Esq., Partner | $500.00 |
| Joseph M. Shapiro, Esq., Partner | $450.00 |
| Angela N. Stein, Esq., Associate | $350.00 |
| Paralegals | $100.00 |

20. The hourly rates to be charged are standard rate, if not below standard rate, for legal work of this nature.

21. On May 16, 2024, the Debtor paid the Law Firm of MSPC the total sum of $16,738.00 representing a retainer in the sum of $15,000.00 together with the Chapter 11 filing fee in the sum of $1,738.00 to retain MSPC to represent it as a debtor and debtor-in-possession in this proceeding.

22. To the best of the Debtor's knowledge, MSPC does not have any connection with the Debtor, its creditors, the United States Trustee or any other party in interest, or their respective attorneys, except as set forth in the Attorney Declaration filed in support of this Application, a copy of which is annexed hereto as **Exhibit A**.

23. To the best of Debtor's knowledge, MSPC represents no interests adverse to the Debtor, or the Debtor's estate or any other interested person.

24. The Debtor submits that MSPC is a "disinterested person' as such term is defined in Section 101(14) of the Bankruptcy Code, since it:

   a. is not a creditor, equity security holder or insider of the Debtor;

   b. is not and was not an investment banker for any outstanding security of the Debtor;

   c. has not been, within the three years before the date of the filing of the Debtor's Chapter 11 Petition: (i) an investment banker for a security of the debtor; or (ii) an attorney for such an investment banker in connection with the offer, sale or issuance of a security of the Debtor; and

   d. is not and was not, within two years before the date of the filing of the Debtor's Chapter 11 petition, a director, officer, or employee of the Debtor or of an investment banker specified in subparagraph (b) or (c) of Section 101(14).

25. The Debtor desires to employ MSPC pursuant to Section 327(a) because of the extensive legal services which are anticipated and required for an effective reorganization pursuant to Chapter 11 of the Bankruptcy Code.

26. The Debtor submits that the retention of MSPC is necessary and is in the best interests of this estate.

27. No previous request for the relief sought herein has been made by the Debtor to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests that the Court grant the relief requested herein, and enter an order, substantially in the form annexed hereto as **Exhibit B**, granting it authority to retain MSPC as its general bankruptcy counsel in this Chapter 11 case effective as of the Petition Date, and granting such other and further relief as is just and appropriate.

Dated: Farmingdale, New York
August 1, 2024

**ECLIPSE FARMINGDALE, LLC**

/s/ Allen Pinero

Allen Pinero, Managing Member

/s/ Eric Purther

Eric Purther, Managing Member

# Exhibit

# "A"

**MIDDLEBROOKS SHAPIRO, P.C.**
*Proposed Attorneys for the Debtor*
*Eclipse Farmingdale, LLC*
Melinda D. Middlebrooks, Esq.
middlebrooks@middlebrooksshapiro.com
Joseph M. Shapiro, Esq.
jshapiro@middlebrooksshapiro.com
P.O. Box 1630
Belmar, New Jersey 07719-1630
(973) 218-6877
(973) 218-6878 (fax)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

**ECLIPSE FARMINGDALE, LLC,**          Case No.: 24-73019-ast

       Chapter 11 Debtor          Chapter 11
       and Debtor-in-Possession.
-----------------------------------------------------------x

### DECLARATION OF JOSEPH M. SHAPIRO, ESQ. IN SUPPORT OF THE APPLICATION OF ECLIPSE FARMINGDALE, LLC SEEKING AUTHORIZATION TO RETAIN MIDDLEBROOKS SHAPIRO, P.C. <u>AS ATTORNEYS FOR THE DEBTOR AND DEBTOR-IN-POSSESSION</u>

Joseph M. Shapiro, Esq., an attorney at law, duly admitted to practice law before this Court, declares, under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am an attorney at law, duly admitted to practice before the United States Bankruptcy Court for the Eastern District of New York (this "**Court**").

2. I am a Partner of the law firm of Middlebrooks Shapiro, P.C. ("**MSPC**"), which maintains its office at 841 Mountain Avenue, Springfield, New Jersey 07081 and maintains a mailing address of P.O. Box 1630, Belmar, New Jersey 07719-1630.

3. I am familiar with the matters set forth herein and make this Affidavit in support of the Application of Eclipse Farmingdale LLC, the above-captioned Chapter 11 debtor and debtor-

in-possession (the "**Debtor**"), to employ and retain MSPC as general bankruptcy counsel to the Debtor in this Chapter 11 case as of the date on which the Debtor filed its voluntary petition pursuant to Section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Bankruptcy Rule 2014-1 of the Bankruptcy Court for the Eastern District of New York (the "**Local Rules**").

4. On the date hereof, (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "**Petition**").

5. The Debtor seeks to retain and employ MSPC as its counsel to file and prosecute its Chapter 11 case and all related matters effective as of the Petition Date.

6. MSPC is competent to represent the interests of the Debtor on whose behalf representation is now sought in the bankruptcy case now pending before this Court.

7. MSPC has extensive experience and knowledge in the field of debtor and creditor rights. MSPC has represented debtors in possession, debtors, and creditors in various cases and proceedings before Bankruptcy Courts in New York, New Jersey, and in other states.

8. MSPC's attorneys outlined below are admitted to practice before this Court.

9. In accordance with the provisions of Section 327(a) of the Bankruptcy Code, except to the extent discussed herein, MSPC is not connected with the Debtor, its creditors, other parties-in-interest or the United States Trustee or any person employed by the Office of the United States Trustee and, to the best of my knowledge, MSPC does not, by reason of any direct or indirect relationship to, connection with or interest in the Debtor or other parties-in-interest hold or represent any interest adverse to the Debtor or to the estate with respect to the matters upon which it is to be engaged.

10. To best of my knowledge, information, and belief, except discussed herein, no member or associate of MSPC has had any business, professional or other connection with the Debtor, its creditors, or any other party in interest or their respective attorneys.

11. MSPC may represent, may have represented or may have been approached with respect to representing certain persons who are or were engaged in litigation or transactions unrelated to the Chapter 11 case in which creditors of the Debtor or other parties in interest in this case are involved. I am not aware of any such connection at this time. A conflict search has been conducted and no present conflicts were revealed.

12. MSPC and the members of the firm, have, in the past, been engaged in cases and actions under the Bankruptcy Code and otherwise in which the attorneys for the debtor, attorneys for creditors or attorneys for other parties in interest in this case may have been involved, all of which are unrelated to these Chapter 11 cases.

13. To the best of my knowledge, except as discussed herein, MSPC holds and represents no interest adverse to the estate and is "disinterested" as defined Bankruptcy Code Section 101(14) since it:

   a. is not a creditor, equity security holder or insider of the Debtor;

   b. is not and was not an investment banker for any outstanding security of the Debtor;

   c. has not been, within the three (3) years before the date of the filing of the Debtor's Chapter 11 Petition: (i) an investment banker for a security of the debtor; or (ii) an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtor; and

   d. is not and was not, within two (2) years before the date of the filing of the Debtor's Chapter 11 petition, a director, officer, or employee of the Debtor or of an

investment banker specified in subparagraph (b) or (c) of Section 101(14) of the Bankruptcy Code.

14. Accordingly, I believe MSPC is "disinterested", as that term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code.

15. I have read and am generally familiar with the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Local Rules for the Eastern District of New York.

16. I have, and the Partners and Associates of MSPC have, been engaged in cases and actions under the Bankruptcy Code on behalf of both debtors and creditors.

17. The Debtor's retention of MSPC is necessary in light of the extensive legal services which are anticipated and required for an effective reorganization pursuant to Chapter 11 of the Bankruptcy Code.

18. Prior to the Petition Date, on May 16, 2024, the Debtor paid the law firm of MSPC the total sum of $16,738.00 (the "**Retainer**"), representing a retainer in the sum of $15,000.00 together with the Chapter 11 filing fee in the sum of $1,738.00, to retain the law firm of MSPC to represent it as a debtor and debtor-in-possession in this case and to, among other things, prepare and prosecute this Chapter 11 case.

19. The professional legal services that the law firm of MPSC will render to the Debtor are summarized as follows:

    a. Provide legal advice to the Debtor with respect to its responsibilities and duties as a debtor-in-possession in the continued management of its property and business affairs;

    b. Negotiate with creditors and parties-in-interest to prepare and prosecute a plan of reorganization together with taking the necessary legal steps in order to effectuate such plan;

    c. Assist the Debtor in the preparation of all necessary schedules, applications, motions, answers, proposed Order, reports and other legal papers required for the Debtor that seek protection from its creditors under Chapter of the Bankruptcy Code;

    d. Appear before this Court to protect the legal interests of the Debtor and to represent the Debtor in all matters pending before the Court unless agreed otherwise with the Debtor, in any dischargeability action, judicial lien avoidance, relief from say actions, or any other contested matters or adversary proceedings;

    e. Represent the Debtor, if need be, in connection with obtaining post-petition financing;

    f. Take all necessary action to obtain approval of a disclosure statement and confirmation of a plan of reorganization; and

    g. Perform all other legal services the Debtor which may be necessary for the preservation of the Debtor's estate and promote the best interest of the Debtor, the Debtor's creditors, and the Debtor's estate.

20. MSPC reasonably anticipates that it will seek post-petition compensation and reimbursement of necessary and reasonable out-of-pocket expenses subject to the approval of this Court and in compliance with the provisions of the Bankruptcy Code including, but not limited to, Sections 105(a), 330, and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the United States Trustee's Guidelines for Fees and Disbursements.

21. Subject to Court approval, compensation will be paid to the law firm of MSPC for services provided on an hourly basis together with reimbursement of out-of-pocket expenses incurred.

22. The hourly rates billed by the law firm of MSPC for matters relating to Chapter 11 cases are as follows:

| | |
|---|---|
| Melinda D. Middlebrooks, Esq., Partner | $500.00 |
| Joseph M. Shapiro, Esq., Partner | $450.00 |
| Angela N. Stein, Esq., Associate | $350.00 |
| Paralegals | $100.00 |

23. In my experience, the hourly rates to be charged are standard rate, if not below standard rate, for legal work of this nature.

24. In the event that MSPC's retention is approved and MSPC is awarded and receives any fees and/or reimbursement of expenses from the Debtor's estate, MSPC has no agreements with and no intention of sharing such earned fees or reimbursements with any attorneys or other parties except to the extent permitted under Bankruptcy Code Section 504(b)(1).

25. No previous request for the relief sought herein has been made by or on behalf of the Debtor to this or any other Court.

26. The undersigned respectfully requests that the Debtor be authorized, as of the Petition Date, to retain Middlebrooks Shapiro, P.C. to represent the Debtor in its Chapter 11 Case and related proceedings under the Bankruptcy Code, and that this Court grant the Debtor and MSPC such other and further relief as is just, proper, and equitable.

Dated: Springfield, New Jersey
      August 1, 2024

                                        /s/ Joseph M. Shapiro
                                        Joseph M. Shapiro, Esq.

# Exhibit

# "B"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

**ECLIPSE FARMINGDALE, LLC**                               Case No.: 24-73019-ast

        Chapter 11 Debtor                       Chapter 11
        and Debtor-in-Possession.
------------------------------------------------------------x

### ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF MIDDLEBROOKS SHAPIRO, P.C. AS ATTORNEYS FOR THE DEBTOR AND DEBTOR-IN-POSSESSION  ECLIPSE FARMINGDALE, LLC

Upon the application (the "**Application**") of Eclipse Farmingdale LLC, the above-captioned Chapter 11 debtor and debtor-in-possession (the "**Debtor**"), for entry of an Order pursuant to Section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Bankruptcy Rule 2014-1 of the Bankruptcy Court for the Eastern District of New York (the "**Local Rules**") authorizing the Debtor's employment of Middlebrooks Shapiro, P.C ("**MSPC**") as its general bankruptcy counsel, effective as of the Petition Date; and upon the *Declaration of Joseph M. Shapiro, Esq.* filed simultaneously with and annexed to the Application as Exhibit A; and upon the *Declaration of Allen Pinero and Eric Purther Under Local Rule 1007-4*; and it appearing that MSPC is a "disinterested person" within the meaning of Sections 101(14) and 327 of the Bankruptcy Code and does not hold or represent any interest adverse to the Debtor's estate; and this Court having determined that employment of MSPC by the Debtor is in the best interests of the Debtor, its estate and its creditors; and adequate notice of the Application having been given; and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED**, that pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1, the Debtor is authorized to employ and retain MSPC as

its counsel on the terms and conditions set forth in the Application and Attorney Declaration, effective as of the Petition Date, August 1, 2024; and it is further

**ORDERED**, that to the extent the Application or Attorney Declaration is inconsistent with this Order, the terms of this Order shall govern; and it is further

**ORDERED**, that MSPC shall seek compensation for its services and reimbursement of its expenses upon application to the Court, and upon notice and a hearing, pursuant to Sections 330 and 331, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1, and the Guidelines of the Office of the United States Trustee; and it is further

**ORDERED**, that MSPC shall apply the remaining amount of any pre-petition retainer as a credit towards post-petition fees and expenses, after such post-petition fees and expenses are approved pursuant to order the Court; and it is further

**ORDERED**, that prior to any increases in MSPC's rates, MSPC shall file a supplemental affidavit with the Court and provide ten (10) business days' notice to the Debtor, the United States Trustee and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase. The Office of the U.S. Trustee retains all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code; and it is further

**NO OBJECTION:**

Dated: New York, New York
       August \_\_\_\_, 2024

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE - REGION 2

By: _____
                              , Trial Attorney

Office of the United States Trustee
201 Varick Street, Suite 1006
New York, New York 10014
(202) 573-6935